IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60694
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARGARET BOYCE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:94-CR-23-2BrB
- - - - - - - - - -
August 20, 1998

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

DISCUSSION:

Margaret Boyce asserts that the district court abused its discretion in revoking her probation. See United States v. King, 990 F.2d 190, 193 (5th Cir. 1993). Boyce's appeal is grounded in her assertion that she is unable to pay restitution and that the district court's contrary conclusion is not supported by the record. To revoke probation, "[a]ll that is required is that the evidence and facts reasonably satisfy the judge that the conduct of the probationer has not been as good as required." United States

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Feinberg, 631 F.2d 388, 391 (5th Cir. 1980) (internal quotation and citation omitted).  Boyce has not presented the clear evidence required to reverse the district court's judgment as an abuse of discretion.  United States v. Ramirez, 675 F.2d 707, 709 (5th Cir. 1982).

The revocation order shows that probation was also revoked because Boyce did not perform her 200 hours of community service.  Boyce challenges this finding on appeal.  We need not address the issue as the revocation is supported by Boyce's failure to pay restitution.  "Where there is an adequate basis for the district court's discretionary action of revoking probation, the reviewing court need not decide a claim of error as to other grounds that had been advanced as a cause for revocation."  United States v. Turner, 741 F.2d 696, 698 (5th Cir. 1984).

AFFIRMED.